[Cite as *Keene v. Keene*, 2012-Ohio-5213.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

THOMAS M. KEENE                    :

     Plaintiff-Appellant            :      C.A. CASE NO. 25070

vs.                                :      T.C. CASE NO. 10 DR 675

PAMELA S. KEENE                    :      (Appeal from the Common
                                    Pleas Court - Domestic
     Defendant-Appellee             :      Relations Division)

. . . . . . . . .

**O P I N I O N**

Rendered on the 9th day of November, 2012.

. . . . . . . . .

James R. Kirkland, Atty. Reg. No. 0009731, 130 West Second Street, Suite 840, Dayton, Ohio
45402
     **Attorney for Plaintiff-Appellant**

Douglas B. Gregg, Atty. Reg. No. 0014660, 7929 Washington Woods Drive, Dayton, Ohio 45459

     **Attorney for Defendant-Appellee**

. . . . . . . . .

GRADY, P.J.:

{¶ 1}   This appeal is from a final judgment and decree of divorce that terminated the marriage of Thomas M. Keene and Pamela S. Keene.

{¶ 2}   Thomas[1] and Pamela were married on October 18, 1991.  One child, who had been emancipated before the decree of divorce was entered, was born of the marriage.

---

[1] For clarity and convenience, the parties are identified by their first names.

{¶ 3}   Thomas filed a complaint for divorce on June 18, 2010.   Pamela filed an answer and counterclaim on July 16, 2010.   A final hearing was held on August 5, 2011.   The decree of divorce was journalized on March 1, 2012.   Thomas filed a notice of appeal on March 6, 2012.

{¶ 4}   First assignment of error:

"THE COURT ABUSED ITS' DISCRETION WHEN IT FOUND WIFE TO BE A 49% SHAREHOLDER IN THE COMPANY, BUT FOUND SHE WAS 'NOT INVOLVED' ENOUGH TO BEAR THE BURDEN OF THE COMPANY'S LIABILITIES."

{¶ 5}   The parties are owners of Keene Racing and Restoration, LLC, an Ohio limited liability corporation formed to support and promote motorcycle racing for profit.   Thomas owns 51% of the corporate stock and Pamela owns 49%.

{¶ 6}   In June of 2010, the corporation sponsored a motorcycle race held at the Pickaway County fairgrounds.   It rained heavily on the day of the event and the corporation suffered a loss. Thomas asked the court to require Pamela to pay a share of the resulting debts in proportion to her 49% ownership interest in the corporation.   The court ordered Thomas to pay the entire outstanding debt. Thomas argues that the court abused its discretion in so doing.

{¶ 7}   An "[a]buse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable.   *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248, 1252 (1985).   It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.   A decision is unreasonable if there is no sound reasoning process that would support that decision.   It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.   *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 167, 553 N.E.2d 597 (1990).

Joint debts are not property or an interest in property the domestic relations court must equally divide between the spouses. R.C. 3105.171(B). They represent merely a charge against the marital property that the court divides. The court may then order one of the parties to pay some or all of the joint debt out of his or her share of marital property or out of the separate property disbursed to that spouse. The court does not abuse its discretion by allocating the debts between the parties on an unequal basis, so long as the allocation is equitable.

*Maloney v. Maloney*, 160 Ohio App.3d 209, 2005-Ohio-1368, 826 N.E. 2d 864, ¶ 48 (2d Dist.).

**{¶ 8}** Thomas argues that the court abused its discretion in requiring him to pay the entire amount of the debts resulting from the failed racing event. He cites Pamela's testimony that she expected to receive one-half of any profit the race generated. Thomas contends: "If she is to share in the proceeds, she should also be held responsible for the losses." (Brief, p. 6).

**{¶ 9}** In ordering Thomas to pay the debts resulting from the failed racing event, the court cited Pamela's testimony that she was not involved in planning the failed racing event because the parties were in the process of divorcing, that she advised Thomas to not hold the race because she believed it would lose money, and that Thomas told her that he had another partner in that venture. The court also cited the testimony of another witness, Amanda Fisher, that Thomas did not want Pamela involved in the race and did not trust her. The court concluded:

The Court finds, that against the wishes of the Defendant, the Plaintiff engaged in sponsoring a Motor Cross event in June of 2010. Any bills associated with the Motor Cross shall be the sole and individual responsibility of the Plaintiff and he shall hold the Defendant harmless and blameless, thereon. [Dkt. 57, p.7].

{¶ 10} On this record, and applying the abuse of discretion standard of review, we cannot find that there is no sound reasoning process that would support the court's decision. *AAAA Enterprises, Inc.*

{¶ 11} The first assignment of error is overruled.

{¶ 12} Second assignment of error:

"THE TRIAL JUDGE ERRED WHEN HE DENIED THE REQUEST FOR FINDINGS OF FACT & CONCLUSIONS OF LAW THAT WAS REQUESTED."

{¶ 13} Thomas argues that the trial court abused its discretion when it overruled his Civ.R. 52 motion for findings of fact and conclusions of law regarding division of the parties' household goods and furnishings. Our decision sustaining Thomas' fourth assignment of error renders moot the Civ.R. 52 error Thomas assigns. Being thus moot, we need not decide the error assigned. App.R. 12(A)(1)(c).

{¶ 14} Third assignment of error:

"THE COURT ABUSED ITS' DISCRETION WHEN IT DIVIDED THE PARTIES' 2009 TAX RETURN, WHICH WAS RECEIVED PRIOR TO THE DIVORCE FILING, AND SPLIT THE EQUITY IN THE HUSBAND'S TRUCK WHICH WAS BOUGHT WITH THE PROCEEDS FROM THAT RETURN."

{¶ 15} The domestic relations court awarded Pamela three vehicles: a 1996 Land Rover, a 1991 Chevrolet S10 truck, and a 2003 Dodge Caravan. The court awarded Thomas two vehicles: a 2003 Chevrolet S10 truck, and a 1997 G30 Box Truck. The court further held:

> The vehicles retained by the Defendant have a total value of $8,190.00. The vehicles
>
> retained by the Plaintiff have a total value of $8,825.00. Therefore, as a result of the
>
> inequities in the values of the automobiles, the Plaintiff shall pay to the Defendant the

sum of $398.50 within 30 days of the filing of the Final Judge (sic) and Decree of Divorce in this matter. [Dkt. 57, p. 6].

**{¶ 16}** The court also held:

IT IS FURTHER ORDERED AND FOUND that the parties received a tax refund in 2010 of approximately $8,600.00. Plaintiff received that refund and kept all of the proceeds. Plaintiff contends that this money was used to purchase the 2003 Chevrolet S10 and to engage in racing. Regardless of what the Plaintiff spent the money on, the 2010 tax refund is a marital asset and Defendant is entitled to one-half. The Court finds that the 2009 tax refund was a marital asset, and therefore, subject to division, and that the Defendant is entitled to one-half of the $8,600.00. Plaintiff shall pay to Defendant $4,300.00 as and for her share of the tax refund within 90 days of the filing of the Final Judgment and Decree of Divorce. [Dkt. 57, p. 9].

**{¶ 17}** Thomas argues that the domestic relations court erred when it ordered him to pay Pamela $4,300.00, that he "is being doubly penalized by having to produce income tax proceeds that were legitimately spent prior to separation as well as to equalize the equity in his vehicle (the 2003 Chevrolet S10)." (Brief, p. 7).

**{¶ 18}** Thomas testified that the parties typically used their income tax refunds to pay outstanding bills and to purchase another vehicle. He stated that the 1996 Land Rover awarded to Pamela was acquired in that way.

**{¶ 19}** On a motion Thomas filed, the court on June 18, 2010 ordered that, during the pendency of the action, both parties were restrained from moving, selling, giving away, disposing of, or encumbering any interest of the other in real or personal property. [Dkt. 3, p. 2]. Thomas testified that he spent the 2009 tax refund to purchase his truck before the divorce action was filed. (Tr. 98).

{¶ 20} "Marital property" means all real and personal property that currently is owned by one or both of the spouses. R.C. 3109.171(A)(3)(a)(I). The tax refund for the year 2009 that the parties received in 2010 was owned by both of the spouses. However, it was not <u>currently owned</u>, having been exhausted to pay bills and purchase the 2003 Chevrolet S10 truck Thomas was awarded. Therefore, the trial court erred when it divided property, the tax refund, the parties no longer owned.

{¶ 21} The 2003 Chevrolet S10 truck Thomas was awarded was one of five vehicles the court divided between the parties. Thomas was ordered to pay Pamela $398.50 in order to equalize the values of that property division. The court abused its discretion when it also ordered Thomas to reimburse Pamela one-half the amount of the tax refund that was used to purchase one of the vehicles Thomas was awarded.

{¶ 22} The third assignment of error is sustained.

{¶ 23} Fourth assignment of error:

"WIFE REMOVED THE MAJORITY OF THE PERSONAL PROPERTY FROM THE MARITAL RESIDENCE IN VIOLATION OF THE RESTRAINING ORDERS, AND THE COURT ERRED BY FAILING TO PUT A VALUE ON THESE ITEMS."

{¶ 24} In his complaint for divorce, Thomas alleged that "the parties are owners of real and personal property, household goods, furnishings and effect, and debts that require division," and in his prayer for relief Thomas asked the court to order "an equitable and equal distribution of the parties' real and personal property interests." [Dkt. 1].

{¶ 25} Thomas moved from the marital residence in August of 2010. Pamela and their daughter subsequently vacated the marital residence, and in the process stripped the home of much of the household goods and furnishing and some tools in which Thomas had an interest. Thomas offered inventory lists of the property Pamela took. (Plaintiff's Exhibits 10 and 11). He also testified to the value of the major items of property among them.

**{¶ 26}** R.C. 3105.171(B) provides:

In divorce proceedings, the court <u>shall</u>, and in legal separation proceedings upon the request of either spouse, the court may, determine what constitutes marital property and what constitutes separate property. In either case, upon asking such a determination, the court <u>shall</u> divide the marital and separate property equitably between the spouses, in accordance with this section. For purposes of this section, the court has jurisdiction over all property, excluding the social security benefits of a spouse other than as set forth in division (F)(9) of this section, in which one or both spouses have an interest. (Emphasis added).

**{¶ 27}** The decree of divorce divides certain of the parties' marital properties, including financial assets, vehicles, and the marital residence. However, the decree makes no mention of the household goods and furnishings owned by the parties that Pamela removed from the marital resident.

**{¶ 28}** Pamela argues that the court's omission operates to award her the personal property she took. However, R.C. 3105.171(B) mandates that the court "shall" make an affirmative determination of "what constitutes marital and what constitutes separate property" and enter an order dividing that property "equitably between the spouses." The court could not, and did not, satisfy those duties by implication, when Thomas in his complaint requested the court to divide and distribute the parties' marital property.

**{¶ 29}** The fourth assignment of error is sustained.

## CONCLUSION

**{¶ 30}** Having overruled the first assignment of error, we will affirm that part of the decree of divorce that orders Thomas Keene to pay the outstanding obligations arising from the June, 2010 motorcycle racing event sponsored by Keene Racing and Restoration, LLC.

{¶ 31} Having sustained the third assignment of error, we will reverse and vacate that part of the decree of divorce that orders Thomas Keene to pay Pamela Keene the sum of $4,300.00 as and for her share of the parties' income tax refund for the year 2009.

{¶ 32} Having sustained the fourth assignment of error, we will reverse the decree of divorce, to the extent that it fails to divide the parties' interests in their household goods and furnishings, and will remand the case for further proceedings on that issue.

{¶ 33} The Final Judgment and Decree of Divorce will otherwise be affirmed.

Fain, J., and Hall, J., concur.

Copies mailed to:

James R. Kirkland, Esq.
Douglas B. Gregg, Esq.
Hon. Timothy D. Wood